**WHITE & CASE LLP**
Gregory F. Pesce (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
gregory.pesce@whitecase.com

- and -

Andrew F. O'Neill (*pro hac vice* pending)
300 North LaSalle Drive
Chicago, Illinois 60654
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
aoneill@whitecase.com

- and -

Amanda Parra Criste (*pro hac vice* pending)
Varoon Sachdev (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
aparracriste@whitecase.com
varoon.sachdev@whitecase.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*pro hac vice* pending)
Justin R. Alberto (*pro hac vice* pending)
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>THE CHILDREN'S PLACE, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-22682 (SLM)<br><br>(Joint Administration Requested) |

[1] A complete list of each of the Debtors, including each Debtor's federal tax identification number, in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/TCP. The location of the Debtors' service address for purposes of these chapter 11 cases is 500 Plaza Drive, Secaucus, New Jersey 07094.

# DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, (B) OMIT CUSTOMERS FROM THE CONSOLIDATED CREDITOR MATRIX, (C) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (D) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS, (E) SERVE CERTAIN PARTIES IN INTEREST BY EMAIL, (F) WAIVE THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (II) GRANTING RELATED RELIEF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"), and rely upon and incorporate by reference the *Declaration of Rudolph Morando, Co-Chief Restructuring Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed concurrently herewith:[2]

## Relief Requested

1. The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"): (a) authorizing, but not directing, the Debtors to (i) file a consolidated list of the Debtors' thirty (30) largest unsecured creditors in lieu of filing a separate creditor list for each Debtor, (ii) omit customers from the Consolidated Creditor Matrix (as defined herein); (iii) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor,[3] (iv) redact certain

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

[3] Pursuant to the Court's General Order Governing Chapter 11 Complex Case Procedures, dated August 1, 2024, as amended December 2, 2025 (the "Complex Case Order"), the Debtors have sought both joint administration and designation of these chapter 11 cases as a Chapter 11 Complex Case. As such, and with Court approval of the designation, Section III(c) of the Chapter 11 Complex Case Procedures, attached to the Complex Case Order, permits the Debtors to file a consolidated list of unsecured creditors and file it in the proposed lead case in lieu of filing a separate creditor list and mailing matrix for each Debtor. Nevertheless, the Debtors request this relief out of an abundance of caution.

personally identifiable information of individuals, (v) serve certain parties in interest by email;[4] (vi) waive the requirement to file an equity list and provide notices directly to equity security holders; and (b) granting related relief. In addition, the Debtors request that the Court schedule a final hearing approximately twenty-five (25) days after the Petition Date to consider entry of the Final Order approving the relief requested herein.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 1007, 2002, 9007, 9036, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

[4] With Court approval of the Chapter 11 Complex Case designation, Section IV(b)(iii) of the Chapter 11 Complex Case Procedures, attached to the Complex Case Order, permits the Debtors to serve the Consolidated Creditor Matrix (as defined herein) by email. Nevertheless, the Debtors request this relief out of an abundance of caution.

## **Background**

5. Founded in 1969 and headquartered in Secaucus, New Jersey, the Debtors own and operate a specialty retailer of children's apparel, accessories, and footwear, operating under The Children's Place and Gymboree brands. The Debtors design and source products through third-party manufacturers and sell them at value prices for babies, toddlers, and children. The Debtors reach customers through two digital storefronts, retail stores in North America, and wholesale marketplaces, including Amazon, a key customer acquisition channel. Internationally, various franchise and wholesale partners distribute the Debtors' products in thirteen countries, generating product sales and royalty revenue for the Debtors.

6. On November 8, 2026 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

7. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these chapter 11 cases can be found in the First Day Declaration, which is incorporated herein by reference.

## Basis for Relief

**I. Cause Exists to Authorize the Debtors to File a Single Consolidated List of Their Top Thirty Unsecured Creditors and Prepare a List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor.**

8. Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each of the debtor's creditors. *See* 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(a)(1). Additionally, Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the names, addresses, and claims of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). This list is primarily used by the United States Trustee for the District of New Jersey (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and, thereby, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to section 1102 of the Bankruptcy Code.

9. The Debtors request authority to file a single list of their thirty (30) largest general unsecured creditors, excluding insiders, on a consolidated basis (the "Top 30 List").[5] Because the top creditor lists for each individual Debtor could overlap, and certain Debtors may have fewer than thirty significant unsecured creditors, the Debtors submit that filing separate lists for each Debtor would be of limited utility. In addition, the exercise of compiling separate top creditor lists for each individual Debtor could consume an excessive amount of the Debtors', and their advisors', limited time and resources. The Debtors believe that the Top 30 List will better aid the U.S. Trustee in its efforts to communicate with these creditors.

[5] The Debtors submit that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated Top 30 List within fourteen (14) calendar days of any such conversion.

10. Allowing the Debtors to prepare and maintain a single consolidated list of their creditors (the "Consolidated Creditor Matrix"), in lieu of filing a separate creditor matrix for each Debtor, is warranted under the circumstances as there are thousands of creditors and parties in interest in these chapter 11 cases. Converting the Debtors' computerized information to a format compatible with the matrix requirements and preparing separate lists of creditors for each Debtor would be expensive, time consuming, administratively burdensome, and increase the risk of error with respect to information already on computer systems maintained by the Debtors or their agents. Accordingly, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors.

11. The Debtors, working together with Omni Agent Solutions, Inc. ("Omni") as their proposed claims and noticing agent in these chapter 11 cases (the "Proposed Claims and Noticing Agent"), have already prepared a single, consolidated list of the Debtors' creditors in an electronic format. The Debtors are prepared to make the Consolidated Creditor Matrix available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense), and the Debtors intend to file a copy of the redacted Consolidated Creditor Matrix on the docket.

12. Courts in this district have granted relief similar to the relief requested herein. *See, e.g.*, *In re LIV Golf New Jersey LLC*, No. 26-20189 (MBK) (Bankr. D.N.J. Oct. 7, 2026) (authorizing a consolidated list of the debtors' thirty (30) largest creditors); *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. May 21, 2026) (same); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 10, 2026) (same); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Aug. 5, 2025) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. Aug. 29, 2024) (same); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr.

D.N.J. June 11, 2024) (same); *In re Sam Ash Music Corp.*, No. 24-14727 (SLM) (Bankr. D.N.J. June 5, 2024) (same); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) (same); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Dec. 20, 2023) (same); *In re SIMAD Holdings Ltd.*, No. 26-16388 (CMG) (Bankr. D.N.J. June 25, 2026) (authorizing a consolidated list of the debtors' fifty (50) largest creditors); *In re New Rite Aid, LLC*, No. 25-14861 (MBK) (Bankr. D.N.J. June 9, 2025) (same).[6]

13. Accordingly, the Debtors submit that filing a Top 30 List and a Consolidated Creditor Matrix is necessary for the efficient and orderly administration of these chapter 11 cases, appropriate under these facts and circumstances, and in the best interests of the Debtors' estates.

## II. The Debtors Should Be Authorized to Omit Customers from the Consolidated Creditor Matrix and Instead Provide Customers with the Notice of Commencement by Email.

14. The Debtors' customer records identify approximately 2 million unique customers (the "Customers"). The Debtors believe that most Customers do not hold claims against the Debtors solely by virtue of their customer relationships. Certain Customers, however, may be deemed to hold claims on account of outstanding gift cards, active loyalty cash rewards, or rights to refunds for purchases within the applicable return-policy period. Identifying precisely which Customers hold such claims would be difficult and require substantial resources.

15. Including all Customers on the Consolidated Creditor Matrix would impose substantial administrative burdens and expense on the Debtors' estates with limited corresponding benefit to parties in interest. The Debtors' customer list is proprietary and a valuable asset of the Debtors. Moreover, disclosure of the names, physical addresses, and email addresses of Customers

---

[6] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

on the Consolidated Creditor Matrix would implicate concerns relating to privacy. If the Court approves the redaction procedures requested in this Motion, the home and email addresses of individual Customers would be redacted from the publicly available Consolidated Creditor Matrix, making inclusion of the Customers futile.

16. The Debtors therefore request authority to omit all Customers from the Consolidated Creditor Matrix solely on account of their customer relationships with the Debtors. This relief would not permit omission of a Customer who holds a separately identified claim unrelated to that customer relationship or is otherwise required to be included in a separate capacity. Nor would omission from the Consolidated Creditor Matrix constitute a determination that a Customer does not hold a claim against the Debtors.

17. To provide notice to Customers who may hold customer-related claims, the Debtors propose to use their existing proprietary customer email and marketing system to send notice of the commencement of these chapter 11 cases to Customers who both (a) made at least one purchase from the Debtors during the forty-five (45) calendar days immediately preceding the Petition Date and (b) were members of the Debtors' loyalty program[7] as of the Petition Date. The email would provide a link to the case website maintained by the Proposed Claims and Noticing Agent. The Debtors can send these emails regardless of whether a Customer has opted out of marketing communications, and their email marketing system creates a record when a mass email is sent.

18. Courts in this circuit and elsewhere have approved tailored customer noticing in other chapter 11 cases. *See, e.g.*, *In re LL Flooring Holdings, Inc.*, No. 24-11680 (BLS) (Bankr.

[7] The Debtors' various customer programs, including loyalty programs, are described in detail in the Debtors' *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief.*

D. Del. Aug. 14, 2024) (excusing debtors from including customers on creditor matrix based on targeted criteria while requiring service of the notice of commencement on those customers); *In re Fresh & Easy, LLC*, No. 15-12220 (BLS) (Bankr. D. Del. Nov. 5, 2015) (excusing customers from the creditor list solely on account of rewards-program enrollment, conditioned on emailed commencement notice where email addresses were available and store and website posting of commencement notice and claims-bar-date orders); *In re AMR Corp.*, No. 11-15463 (SHL) (Bankr. S.D.N.Y. Nov. 30, 2011) (requiring electronic notice to AAdvantage members directing them to the claims and noticing agent's website to obtain the notice of commencement, in lieu of mailed commencement notice).

19. Accordingly, the Debtors respectfully request that the Court authorize them to omit Customers from the Consolidated Creditor Matrix solely on account of their customer relationships and approve the proposed procedures for providing the notice of commencement by email to Customers as described above. The requested relief would conserve estate resources and address the privacy and proprietary-information concerns described herein while providing targeted notice to Customers who may hold customer-related claims, without affecting any separate obligation to include or provide notice to a Customer in another capacity.

## III. Redaction of Certain Confidential Information of Individuals Is Warranted.

20. The public has a common law "right of access to judicial proceedings and records." *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001). However, when appropriate, the Bankruptcy Code permits courts to protect individuals from undue risk of identity theft or other unlawful injury via limiting the public's access to information, placing pleadings and other motions under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *See* 11 U.S.C. § 107(c); *see also Cendant*, 260 F.3d at 194 (noting the public's right

of access "is not absolute"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (citation modified).

21. Section 107 of the Bankruptcy Code authorizes the Court to issue orders to prevent disclosing confidential information that could result in potential harm. Section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
> (A) Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under this title.
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

22. Respectfully, the Debtors submit that it is appropriate to grant them authority to redact the email addresses and home addresses of the Debtors' individual creditors, including employees, from any pleading filed or to be filed with the Court in these chapter 11 cases. This personal information could be used by various bad actors to perpetrate identity theft and phishing scams.

23. The events that transpired in the *Celsius* bankruptcy case in the Southern District of New York underscore the importance of not publishing personal information. There, at least fifteen (15) phishing scams were uncovered, each of which targeted individual creditors. Scammers posed as associates of the debtor's counsel and the debtor's claims agent using fake email addresses, falsified a court order to provide for purported "filing fees" and "tax fees," called individual creditors from a number formerly associated with the debtor's customer center, and

manipulated the automatic reply function of the debtor's customer support email system to send emails containing phishing URLs to approximately 144,000 email addresses associated with individual creditors of the debtors. *See In re Celsius Network, LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y.) [Dkt. Nos. 1527, 1681, 1904, 1992, 2082, 2896, 3121, 3251, 3422, 3722, 3932, 4070, 4763, 7729, and 7886]. Each of these schemes was designed to obtain individual creditors' personally identifiable information, account information, or to gain access to their financial assets.

24. Courts in this district, and within this circuit, have granted the relief requested herein in comparable chapter 11 cases. *See*, *e.g.*, *In re LIV Golf New Jersey LLC*, No. 26-20189 (MBK) (Bankr. D.N.J. Sept. 10, 2026) (authorizing the debtors to redact the home and email addresses of natural persons listed on the creditor matrix, schedules and statements, and other documents filed with the court); *In re SIMAD Holdings Ltd.*, No. 26-16388 (CMG) (Bankr. D.N.J. June 25, 2026) (same); *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. May 21, 2026) (same); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 10, 2026) (same); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Aug. 5, 2025) (same); *In re Powin, LLC*, No. 25-16137 (MBK) (Bankr. D.N.J. July 15, 2025) (same); *In re New Rite Aid, LLC*, No. 25-14861 (MBK) (Bankr. D.N.J. June 9, 2025) (same); *In re Joann Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. Aug. 29, 2024) (same); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J.

June 11, 2024) (same); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) (same); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Dec. 20, 2023) (same).[8]

25. In addition to granting the requested relief, bankruptcy courts in other districts within the Third Circuit have stressed the importance of authorizing debtors to redact individual creditors' personally identifiable information, particularly home addresses. In *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, Chief Judge Sontchi (Ret.) noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 10, 2020). Judge Sontchi (Ret.) found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id.* at 25:13–16. Similarly, in *Clover Technologies*, Chief Judge Owens overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses." Hr'g Tr. at 24:21–25, 25:9–10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020). And, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross (Ret.) found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to

---

[8] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

26. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact the personally identifiable information (including home and email addresses) of natural persons listed on the Consolidated Creditor Matrix, bankruptcy schedules and other required forms, including the Statement of Financial Affairs (the "Schedules and Statements"), or any other document filed with the Court pursuant to 11 U.S.C. § 107(c)(1). Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and phishing scams, and could jeopardize the safety of current or former employees, individual creditors, or individual equity holders.

27. The Debtors propose to provide an unredacted version of the Consolidated Creditor Matrix and any other redacted, applicable filings to the Court, the U.S. Trustee, counsel to an official committee of unsecured creditors appointed in these chapter 11 cases (if any), and other parties in interest upon reasonable request; *provided,* however, that, except with respect to the Court, any unredacted version shall be provided on a strictly confidential, "professionals' eyes only" basis, and each receiving party shall (i) limit access to the unredacted information to its attorneys and other professionals, (ii) not disclose the unredacted information to any other person or entity, including, in the case of counsel to any official committee, the individual members of such committee, without the prior written consent of the Debtors or further order of the Court, and (iii) use the unredacted information solely in connection with these chapter 11 cases and not for any other purpose.

## IV. Authorization to Provide Service Via Email Should Be Approved.

28. Although the Bankruptcy Rules generally require notices to be served on creditors

at their addresses, they give significant latitude to bankruptcy courts for modifying the general rule. *See* Fed. R. Bankr. P. 2002(m) and 9007. Bankruptcy courts have explicit authority to modify the manner in which notice is given. Fed. R. Bankr. P. 2002(m). Here, serving notices by traditional mail is cost-prohibitive given the size of the Consolidated Creditor Matrix and given the Debtors' liquidity situation to fund these chapter 11 cases. With approximately 10,139 parties included on the Consolidated Creditor Matrix as of the Petition Date, serving notices by traditional mail would drain a material amount of the Debtors' available cash at a time when such funds could instead be used to fund the administration of the Debtors' chapter 11 cases.

29. Not only is email service likely the most efficient and cost-effective manner by which service on all interested parties can be completed, it is also the most likely to facilitate creditor responses. Email is the primary channel through which the Debtors' creditors correspond with the Debtors. The Debtors structure all ordinary course business communications around email, rather than traditional mail service or an alternate channel of communication, because email communication provides the Debtors with a convenient, reliable, and cost-effective tool to communicate important information in a timely manner to various parties who routinely deal with the Debtors in the ordinary course of business. Where a party has frequently communicated by email, courts have held that serving such party by email comports with the requirements of due process. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (stating that the due process reasonableness inquiry "unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance").

30. In addition to the email noticing procedures described herein, the Debtors will publish notice of the commencement of these chapter 11 cases in *The New York Times* (national edition) or other similar publication. The publication notice will provide a link to the case website

maintained by the Proposed Claims and Noticing Agent, where parties in interest may access the notice of commencement and other information regarding these chapter 11 cases. This publication will provide an additional means of informing creditors and other parties in interest of the commencement of these chapter 11 cases.

31. Accordingly, the Debtors request authority to serve all required notices (and other documents) by email.[9] Implementation of the procedures requested herein is appropriate in these chapter 11 cases and well within the Court's authority under the Bankruptcy Rules and equitable powers under section 105(a) of the Bankruptcy Code. Courts in this district have granted the relief requested herein in comparable chapter 11 cases. *See, e.g.*, *In re Eddie Bauer LLC*, No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 3, 2026) (authorizing debtors, through a claims agent, to serve all pleadings and papers on all parties listed on the consolidated creditor matrix, including via email if available); *see also In re LIV Golf New Jersey LLC*, No. 26-20189 (MBK) (Bankr. D.N.J. Oct. 7, 2026) (same).

## V. Service of Notices to Creditors by the Proposed Claims and Noticing Agent Is Warranted.

32. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk or the court's designee must give the debtor, the trustee, all creditors, and all indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b)" of the Bankruptcy Code. Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

33. The Debtors request that the Proposed Claims and Noticing Agent undertake all mailings and email service, as applicable, directed by the Court or the U.S. Trustee or as required

---

[9] If notices are returned as "return to sender" without a forwarding address or bounceback (via email), the Debtors request that they should not be required to mail additional notices to such creditors.

by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including, when applicable, serving the notice of commencement of these chapter 11 cases on all parties listed on the Consolidated Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the notice of commencement on the Consolidated Creditor Matrix will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Consolidated Creditor Matrix. Accordingly, service of the notice of commencement is warranted.

34. The Debtors believe that using Omni to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee. Additionally, Omni will assist the Debtors in preparing creditor lists and mailing initial notices, and, therefore, it is more efficient to authorize the Proposed Claims and Noticing Agent to mail or email, as applicable, all notices, including the notice of commencement. Accordingly, Omni should undertake such mailings and email service, subject to the Debtors' customer email-noticing procedures described herein.

## VI. The Court Should Waive the Requirement for the Debtors to File an Equity List and Provide Notices Directly to Equity Security Holders.

35. Bankruptcy Rule 1007(a)(3) provides that, "unless the court orders otherwise, the debtor shall file within fourteen (14) days after entry of the order for relief a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder." Fed. R. Bankr. P. 1007(a)(3). Bankruptcy Rule 2002(d) provides that, "unless otherwise ordered by the court," notice shall be provided to all equity holders of the commencement of the case, any equity holders' meeting under Bankruptcy Code § 341, certain asset sales, conversion or dismissal

hearings, the disclosure statement deadline, the confirmation objection deadline, and the voting deadline. *Id.* at 2002(d). Bankruptcy courts have authority to modify or waive the requirements under both rules. *Id.* 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); *Id.* 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

36. The requirements to file a list of, and to provide notice directly to, equity security holders should be waived as to Debtor THE CHILDREN'S PLACE, INC. Debtor THE CHILDREN'S PLACE, INC.'s common stock is publicly traded on the Nasdaq Stock Exchange, with approximately 22.2 million outstanding shares of common stock as of the Petition Date, and those shares cannot be readily traced to specific individual holders. Debtor THE CHILDREN'S PLACE, INC. only maintains a list of its registered equity security holders and therefore must obtain the names and addresses of its beneficial shareholders from a securities agent. Preparing and submitting such a list with last known addresses for each equity security holder and sending notices to all such parties will create undue expense and administrative burden with limited corresponding benefit to the estates or parties in interest.

37. Debtor THE CHILDREN'S PLACE, INC. has taken or will take several actions to inform its equity security holders of the commencement of these chapter 11 cases. On or about the date hereof, the Debtors will issue a press release announcing the filing. Debtor THE

CHILDREN'S PLACE, INC. also filed with its petition a list of persons and entities with significant holdings of its outstanding common stock. As soon as is practicable following the date hereof, the Debtors intend to cause the notices required under Bankruptcy Rule 2002(d) to be served on registered and nominee holders of Debtor THE CHILDREN'S PLACE, INC.'s common stock with instructions to serve such notices down to the beneficial holders of equity securities and to publish them in full in *The New York Times* (national edition). The Debtors shall also publish the combined hearing notice on the Debtors' case website located at https://omniagentsolutions.com/TCP and file a Form 8-K with the SEC following the Petition Date, notifying their investors and other parties of the commencement of these chapter 11 cases. The Debtors request that the requirements to file a list of and to provide notice directly to Debtor THE CHILDREN'S PLACE, INC.'s equity security holders (other than registered holders of Debtor THE CHILDREN'S PLACE, INC.'s common stock) be waived.

38. Bankruptcy courts have granted substantially similar relief in other complex cases. *See, e.g.*, *In re Getty Images Holdings, Inc.*, No. 26-11643 (JKS) (Bankr. D. Del. Oct. 22, 2026) (waiving the requirements to file a list of and to provide notice of commencement of the case to equity security holders); *In re Bed Bath & Beyond*, No. 23-13359 (VFP) (Bankr. D.N.J. May 17, 2023) (same); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 30, 2022) (same); *In re NewAge Inc.*, No. 22-10819 (LSS) (Bankr. D. Del. Sept. 29, 2022) (same); *In re Tuesday Morning Corp.*, No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020) (same); *In re Erickson Inc.*, No. 16-34393 (HDH) (Bankr. N.D. Tex. Nov. 10, 2016) (same); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 21, 2016) (same); *In re Linn Energy LLC*, No. 16-60040

(DRJ) (Bankr. S.D. Tex. May 13, 2016) (same); *In re Lehman Bros. Holdings Inc.*, No. 08-13555 (JMP) (Bankr. S.D.N.Y. Sept. 16, 2008) (same).

**<u>The Requirements of Bankruptcy Rule 6003(a) Are Satisfied</u>**

39. Bankruptcy Rule 6003(a) empowers a court to grant relief within the first twenty-one (21) days after the Petition Date to the extent that "relief is needed to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(a). As set forth in this Motion, an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations. Failure to receive the requested relief during the first twenty-one (21) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and cause immediate and irreparable harm. The requested relief is necessary for the Debtors to operate their business in the ordinary course, preserve the ongoing value of their operations, and maximize value of their estates for the benefit of all stakeholders. The Debtors have demonstrated that the requested relief is "needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a), and the Court should grant the requested relief.

**<u>Reservation of Rights</u>**

40. Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting

the relief requested by this Motion; (e) a request, approval, or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**Final Hearing**

41. The Debtors request that the Court schedule a final hearing approximately twenty-five (25) days after the commencement of these chapter 11 cases to consider entry of the Final Order approving the relief requested herein.

**No Prior Request**

42. No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

43. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) Wells Fargo Bank, National Association, as Prepetition ABL Agent; (d) Crystal Financial LLC d/b/a SLR Credit Solutions, as Prepetition Term Loan Agent; (e) counsel to Mithaq Capital SPC, as prepetition unsecured lender; (f) the office of the attorney general for each of the states in which the Debtors operate; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the Canada Revenue Agency; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 8, 2026

**WHITE & CASE LLP**
Gregory F. Pesce (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
gregory.pesce@whitecase.com

- and -

Andrew F. O'Neill (*pro hac vice* pending)
300 North LaSalle Drive
Chicago, Illinois 60654
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
aoneill@whitecase.com

- and -

Amanda Parra Criste (*pro hac vice* pending)
Varoon Sachdev (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
aparracriste@whitecase.com
varoon.sachdev@whitecase.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

*/s/ Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*pro hac vice* pending)
Justin R. Alberto (*pro hac vice* pending)
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**WHITE & CASE LLP**
Gregory F. Pesce (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
gregory.pesce@whitecase.com

Andrew F. O'Neill (*pro hac vice* pending)
300 North LaSalle Drive
Chicago, Illinois 60654
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
aoneill@whitecase.com

Amanda Parra Criste (*pro hac vice* pending)
Varoon Sachdev (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
aparracriste@whitecase.com
varoon.sachdev@whitecase.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*pro hac vice* pending)
Justin R. Alberto (*pro hac vice* pending)
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

| In re: | Chapter 11 |
|---|---|
| THE CHILDREN'S PLACE, INC., *et al.*, | Case No. 26-22682 (SLM) |
| Debtors.[1] | (Joint Administration Requested) |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, (B) OMIT CUSTOMERS FROM THE CONSOLIDATED CREDITOR MATRIX, (C) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (D) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS, (E) SERVE CERTAIN PARTIES IN INTEREST BY EMAIL, (F) WAIVE THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through twelve (12), is **ORDERED**.

---

[1] A complete list of each of the Debtors, including each Debtor's federal tax identification number, in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/TCP. The location of the Debtors' service address for purposes of these chapter 11 cases is 500 Plaza Drive, Secaucus, New Jersey 07094.

| | |
|---|---|
| Debtors: | THE CHILDREN'S PLACE, INC., *et al.* |
| Case No. | 26-22682 (SLM) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) Omit Customers from the Consolidated Creditor Matrix, (C) File a Consolidated List of Creditors in Lieu of a Separate Mailing Matrix for Each Debtor, (D) Redact Certain Personally Identifiable Information of Individuals, (E) Serve Certain Parties in Interest by Email, (F) Waive the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders, and (II) Granting Related Relief |

Upon the Debtors' *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) Omit Customers from the Consolidated Creditor Matrix, (C) File a Consolidated List of Creditors in Lieu of a Separate Mailing Matrix for Each Debtor, (D) Redact Certain Personally Identifiable Information of Individuals, (E) Serve Certain Parties in Interest by Email, (F) Waive the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) authorizing, but not directing, the Debtors to (i) file a consolidated list of the Debtors' thirty (30) largest unsecured creditors in lieu of filing a separate creditor list for each Debtor, (ii) omit customers from the Consolidated Creditor Matrix; (iii) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (iv) redact certain personally identifiable information of individuals, (v) serve certain parties in interest by email; (vi) waive the requirement to file an equity list and provide notices directly to equity security holders; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of*

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter an interim order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis as set forth herein.

The final hearing (the "Final Hearing") on the Motion shall be held on **_________, 2026, at ______ (Eastern Time)**. Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served as to be received by the following parties on or before **___________, 2026 at 4:00 p.m. (Eastern Time)**: (i) proposed co-counsel to the Debtors, (a) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com), Andrew F. O'Neill (aoneill@whitecase.com), Amanda Parra Criste (aparracriste@whitecase.com), and Varoon Sachdev (varoon.sachdev@whitecase.com) and

(b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota (msirota@coleschotz.com), Warren A. Usatine (wusatine@coleschotz.com), Seth Van Aalten (svanaalten@coleschotz.com), Justin R. Alberto (jalberto@coleschotz.com), and Daniel J. Harris (dharris@coleschotz.com); (ii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and Aiden Murphy (aiden.murphy@usdoj.gov); (iii) counsel to Wells Fargo Bank, National Association, as Prepetition ABL Agent, (a) Choate, Hall and Stewart LLP, Two International Place, Boston, Massachusetts, 02110, Attn: Kevin J. Simard (ksimard@choate.com) and Michael E. Comerford (mcomerford@choate.com) and (b) McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, New Jersey 07102, Attn: Joseph Lubertazzi (jlubertazzi@McCarter.com) and Jeffrey Testa (jtesta@mccarter.com); (iv) counsel to Crystal Financial LLC d/b/a SLR Credit Solutions, as Prepetition Term Loan Agent, (a) Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts, 02110, Attn: Sandra J. Vrejan (sandra.vrejan@morganlewis.com) and Christopher Carter (christopher.carter@morganlewis.com) and (b) McGrail & Bensinger LLP, 888-C Eighth Avenue, #107, New York, New York, 10019, Attn: Ilana Volkov (ivolkov@mcgrailbensinger.com); (v) counsel to Mithaq Capital SPC, as prepetition unsecured lender, Wollmuth Maher & Deutsch LLP, 500 5th Ave, New York, New York 10110, Attn: David Wollmuth (dwollmuth@wmd-law.com) and Paul DeFilippo (pdefilippo@wmd-law.com); (vi) if any statutory committee has been

appointed in these chapter 11 cases, counsel to such committee; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

2. The Debtors are authorized on an interim basis under section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-1, to submit a Consolidated Creditor Matrix; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file a list of its own top thirty (30) unsecured creditors within fourteen (14) calendar days of such conversion.

3. The Debtors are authorized, on an interim basis, to file a single consolidated list of their thirty (30) largest unsecured creditors, excluding insiders, in the proposed lead case, in lieu of filing a separate list and mailing matrix for each Debtor (the "Top 30 List").

4. The Debtors are authorized to omit Customers from the Consolidated Creditor Matrix solely on account of their customer relationships with the Debtors and provide notice to customers in accordance with the protocol described in the Motion. This relief does not permit omission of any Customer who holds a separately identified claim unrelated to that customer relationship or is otherwise required to be included on the Consolidated Creditor Matrix in a separate capacity.

5. The Debtors are authorized, on an interim basis, under section 107(c) of the Bankruptcy Code, to redact on the Consolidated Creditor Matrix, Schedules and Statements, affidavits of service, or other documents filed with the Court the home and email addresses and any other personally identifiable information, not including names, of all natural persons; *provided, however*, that the U.S. Trustee reserves all rights with respect to such redactions at a hearing regarding confirmation of a chapter 11 plan, or thereafter, or in connection with a conversion of the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code or a dismissal of the chapter 11 cases.

6. The requirement under Bankruptcy Rule 1007(a)(3) to file an Equity List for the Debtors is waived.

7. Any requirement that the Debtors provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is modified as set forth herein. The Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the registered and nominee holders of Debtor THE CHILDREN'S PLACE, INC.'s equity securities with instructions to serve such notices down to the beneficial holders of equity securities. The Debtors shall also publish the combined hearing notice on the Debtors' case website located at https://omniagentsolutions.com/TCP and file a Form 8-K with the SEC following the Petition Date, notifying their investors and other parties of the commencement of these chapter 11 cases. The Debtors are further authorized to issue a press release announcing the bankruptcy filing and shall

as soon as is practicable cause the notices required under Bankruptcy Rule 2002(d) to be served on known registered holders of Debtor THE CHILDREN'S PLACE, INC.'s common stock and to be published in full in *The New York Times* (national edition) or similar publication in the Debtor's business judgment.

8. The Debtors shall provide an unredacted version of the Consolidated Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Interim Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases, (d) the Proposed Claims and Noticing Agent, and (e) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases, subject to the restrictions of the United Kingdom General Data Protection Regulation, the European Union General Data Protection Regulation, and any other applicable foreign data protection law or regulation; provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request; and, provided further that, except with respect to the Court, any unredacted version shall be provided on a strictly confidential, "professionals' eyes only" basis, and each receiving party shall (i) limit access to the unredacted information to its attorneys and other professionals, (ii) not disclose the unredacted information to any other person or entity, including, in the case of counsel to any official committee, the individual members of such committee, without the prior written consent of the Debtors or further order of the Court, and (iii) use the unredacted information solely

in connection with these chapter 11 cases and not for any other purpose. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or any other privacy obligation under any privacy or data protection law or regulation. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

9. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

10. Nothing in this Interim Order prohibits any natural persons from voluntarily identifying themselves in connection with these chapter 11 cases or voluntarily disclosing any of their contact information. Nothing in this Interim Order exempts any natural persons from compliance with Bankruptcy Rule 2019.

11. The Debtors shall file a redacted version of the Consolidated Creditor Matrix, Schedules and Statements, or other document filed with the Court as well as post it on https://omniagentsolutions.com/TCP.

12. For the avoidance of doubt, the Debtors shall file an unredacted Consolidated Creditor Matrix under seal with the Court.

13. The Debtors shall cause a redacted copy of the Consolidated Creditor Matrix to be made available in readable electronic format (or in non-electronic format) upon reasonable request by parties in interest.

14. The Debtors, through their Proposed Claims and Noticing Agent, are authorized, on an interim basis, to serve all pleadings and papers, including the notice of commencement, on all parties listed on the Consolidated Creditor Matrix (including via email if available).

15. Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Interim Order. Service of all documents and notices upon natural persons whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

16. To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Proposed Claims and Noticing Agent, to effectuate the service on such party's behalf.

17. The Debtors, through their Proposed Claims and Noticing Agent, are authorized to serve all pleadings and papers, including, when applicable, the notice of commencement, via email except where a party to be served both (a) has a mailing address in the Debtors' books, records, and files or has designated a mailing address under Bankruptcy Rules 2002(g)(1) or 5003(e) and (b) has requested hard copy U.S. first class mail service, in which case, such party shall be served by mail at such mailing address. Nothing in this Interim Order prevents the Debtors from

additionally serving any party by email in addition to the methods of service set forth in Fed. R. Bankr. P. 9036. If notice is provided to any of the Debtors' parties in interest by hard copy U.S. first class mail service, such notice need not exceed one page if it includes a website URL or QR code that links directly to the document(s) to which such notice relates. This Interim Order does not authorize service by email of any complaint or other pleading filed in an adversary proceeding, unless the party to be served consents to email service of the applicable document(s).

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

19. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Interim Order shall be effective and enforceable immediately upon entry hereof.

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

21. The Debtors shall serve a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within forty-eight (48) hours after entry of this Interim Order.

22. Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

23. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Exhibit B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**WHITE & CASE LLP**
Gregory F. Pesce (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
gregory.pesce@whitecase.com

Andrew F. O'Neill (*pro hac vice* pending)
300 North LaSalle Drive
Chicago, Illinois 60654
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
aoneill@whitecase.com

Amanda Parra Criste (*pro hac vice* pending)
Varoon Sachdev (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
aparracriste@whitecase.com
varoon.sachdev@whitecase.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*pro hac vice* pending)
Justin R. Alberto (*pro hac vice* pending)
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

| In re: | Chapter 11 |
|---|---|
| THE CHILDREN'S PLACE, INC., *et al.*, | Case No. 26-22682 (SLM) |
| Debtors.[1] | (Joint Administration Requested) |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, (B) OMIT CUSTOMERS FROM THE CONSOLIDATED CREDITOR MATRIX, (C) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (D) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS, (E) SERVE CERTAIN PARTIES IN INTEREST BY EMAIL, (F) WAIVE THE REQUIREMENT TO FILE AN EQUITY LIST AND PROVIDE NOTICES DIRECTLY TO EQUITY SECURITY HOLDERS, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through ten (10), is **ORDERED**.

[1] A complete list of each of the Debtors, including each Debtor's federal tax identification number, in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/TCP. The location of the Debtors' service address for purposes of these chapter 11 cases is 500 Plaza Drive, Secaucus, New Jersey 07094.

| | |
|---|---|
| Debtors: | THE CHILDREN'S PLACE, INC., *et al.* |
| Case No. | 26-22682 (SLM) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) Omit Customers from the Consolidated Creditor Matrix, (C) File a Consolidated List of Creditors in Lieu of a Separate Mailing Matrix for Each Debtor, (D) Redact Certain Personally Identifiable Information of Individuals, (E) Serve Certain Parties in Interest by Email, (F) Waive the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders, and (II) Granting Related Relief |

Upon the Debtors' *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) Omit Customers from the Consolidated Creditor Matrix, (C) File a Consolidated List of Creditors in Lieu of a Separate Mailing Matrix for Each Debtor, (D) Redact Certain Personally Identifiable Information of Individuals, (E) Serve Certain Parties in Interest by Email, (F) Waive the Requirement to File an Equity List and Provide Notices Directly to Equity Security Holders, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) authorizing, but not directing, the to (i) file a consolidated list of the Debtors' thirty (30) largest unsecured creditors in lieu of filing a separate creditor list for each Debtor, (ii) omit customers from the Consolidated Creditor Matrix; (iii) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (iv) redact certain personally identifiable information of individuals, (v) serve certain parties in interest by email; (vi) waive the requirement to file an equity list and provide notices directly to equity security holders; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-1, to submit a Consolidated Creditor Matrix; provided that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file a list of its own top thirty (30) unsecured creditors within fourteen (14) calendar days of such conversion.

3. The Debtors are authorized to file a single consolidated list of their thirty (30) largest unsecured creditors, excluding insiders, in the proposed lead case, in lieu of filing a separate list and mailing matrix for each Debtor (the "Top 30 List").

4. The Debtors are authorized to omit Customers from the Consolidated Creditor Matrix solely on account of their customer relationships with the Debtors and provide notice to customers in accordance with the protocol described in the Motion. This relief does not permit omission of any Customer who holds a separately identified claim unrelated to that customer relationship or is otherwise required to be included on the Consolidated Creditor Matrix in a separate capacity.

5. The Debtors are authorized, under section 107(c) of the Bankruptcy Code, to redact on the Consolidated Creditor Matrix, Schedules and Statements, affidavits of service, or other documents filed with the Court the home and email addresses and any other personally identifiable information, not including names, of all natural persons; *provided*, however, that the U.S. Trustee reserves all rights with respect to such redactions at a hearing regarding confirmation of a chapter 11 plan, or thereafter, or in connection with a conversion of the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code or a dismissal of the chapter 11 cases.

6. The Debtors shall provide an unredacted version of the Consolidated Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Final Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee of unsecured creditors

appointed in these chapter 11 cases, (d) the Proposed Claims and Noticing Agent, and (e) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases, subject to the restrictions of the United Kingdom General Data Protection Regulation, the European Union General Data Protection Regulation, and any other applicable foreign data protection law or regulation; provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request; and, provided further that, except with respect to the Court, any unredacted version shall be provided on a strictly confidential, "professionals' eyes only" basis, and each receiving party shall (i) limit access to the unredacted information to its attorneys and other professionals, (ii) not disclose the unredacted information to any other person or entity, including, in the case of counsel to any official committee, the individual members of such committee, without the prior written consent of the Debtors or further order of the Court, and (iii) use the unredacted information solely in connection with these chapter 11 cases and not for any other purpose. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or any other privacy obligation under any privacy or data protection law or regulation. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.

7. The requirement under Bankruptcy Rule 1007(a)(3) to file an Equity List for the Debtors is waived.

8. Any requirement that the Debtors provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is modified as set forth herein. The Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the registered and nominee holders of Debtor THE CHILDREN'S PLACE, INC.'s equity securities with instructions to serve such notices down to the beneficial holders of equity securities. The Debtors shall also publish the combined hearing notice on the Debtors' case website located at https://omniagentsolutions.com/TCP and file a Form 8-K with the SEC following the Petition Date, notifying their investors and other parties of the commencement of these chapter 11 cases. The Debtors are further authorized to issue a press release announcing the bankruptcy filing and shall as soon as is practicable cause the notices required under Bankruptcy Rule 2002(d) to be served on known registered holders of Debtor THE CHILDREN'S PLACE, INC.'s common stock and to be published in full in *The New York Times* (national edition) or similar publication in the Debtor's business judgment.

9. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

10. Nothing in this Final Order prohibits any natural persons from voluntarily identifying themselves in connection with these chapter 11 cases or voluntarily disclosing any of their contact information. Nothing in this Final Order exempts any natural persons from compliance with Bankruptcy Rule 2019.

11. The Debtors shall file a redacted version of the Consolidated Creditor Matrix, Schedules and Statements, or other document filed with the Court as well as post it on https://omniagentsolutions.com/TCP.

12. For the avoidance of doubt, the Debtors shall file an unredacted Consolidated Creditor Matrix under seal with the Court.

13. The Debtors shall cause a redacted copy of the Consolidated Creditor Matrix to be made available in readable electronic format (or in non-electronic format) upon reasonable request by parties in interest.

14. The Debtors, through their Proposed Claims and Noticing Agent, are authorized, on a final basis, to serve all pleadings and papers, including the notice of commencement, on all parties listed on the Consolidated Creditor Matrix (including via email if available).

15. Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Final Order. Service of all documents and notices upon natural persons whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

16. To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest should contact counsel for the Debtors who shall work in good

faith, with the assistance of the Proposed Claims and Noticing Agent, to effectuate the service on such party's behalf.

17. The Debtors, through their Proposed Claims and Noticing Agent, are authorized to serve all pleadings and papers, including, when applicable, the notice of commencement, via email except where a party to be served both (a) has a mailing address in the Debtors' books, records, and files or has designated a mailing address under Bankruptcy Rules 2002(g)(1) or 5003(e) and (b) has requested hard copy U.S. first class mail service, in which case, such party shall be served by mail at such mailing address. Nothing in this Final Order prevents the Debtors from additionally serving any party by email in addition to the methods of service set forth in Fed. R. Bankr. P. 9036. If notice is provided to any of the Debtors' parties in interest by hard copy U.S. first class mail service, such notice need not exceed one page if it includes a website URL or QR code that links directly to the document(s) to which such notice relates. This Final Order does not authorize service by email of any complaint or other pleading filed in an adversary proceeding, unless the party to be served consents to email service of the applicable document(s).

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

19. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Final Order shall be effective and enforceable immediately upon entry hereof.

20. The Debtors shall serve a copy of this Final Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within forty-eight (48) hours after entry of this Final Order.

21. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.