**WHITE & CASE LLP**
Gregory F. Pesce (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
gregory.pesce@whitecase.com

- and -

Andrew F. O'Neill (*pro hac vice* pending)
300 North LaSalle Drive
Chicago, Illinois 60654
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
aoneill@whitecase.com

- and -

Amanda Parra Criste (*pro hac vice* pending)
Varoon Sachdev (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
aparracriste@whitecase.com
varoon.sachdev@whitecase.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*pro hac vice* pending)
Justin R. Alberto (*pro hac vice* pending)
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>THE CHILDREN'S PLACE, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-22682 (SLM)<br><br>(Joint Administration Requested) |

[1] A complete list of each of the Debtors, including each Debtor's tax identification number, in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/TCP . The location of the Debtors' service address for purposes of these chapter 11 cases is 500 Plaza Drive, Secaucus, New Jersey 07094.

**DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER (I) SETTING BAR DATES**
**FOR SUBMITTING PROOFS OF CLAIM, INCLUDING**
**REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9),**
**(II) ESTABLISHING AN AMENDED SCHEDULES BAR DATE**
**AND A REJECTION DAMAGES BAR DATE, (III) APPROVING THE**
**FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM,**
**(IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):[2]

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Bar Date Order"), approving the following relief:

a. setting Bar Dates (as defined herein) for creditors to submit Proofs of Claim (as defined herein), as summarized in the table below;

b. approving the procedures described herein for submitting Proofs of Claim and the form of the Proof of Claim attached as **Exhibit 1** to the Bar Date Order (the "Proof of Claim Form");

c. approving the form and manner of service of the notice of the Bar Dates, substantially in the form attached as **Exhibit 2** to the Bar Date Order (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached as **Exhibit 3** to the Bar Date Order, allowing for publication notice as described in this Motion; and

d. granting related relief.

---

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Rudolph Morando, Co-Chief Restructuring Officer of the Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

| BAR DATES | |
|---|---|
| **General Claims Bar Date**<br>(Applicable to 503(b)(9) Claims)[3] | Establishing **January 6, 2027, at 11:59 p.m., prevailing Eastern Time**, as the last date and time for each entity[4] to file proofs of claim based on prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim") against any Debtor (the "General Claims Bar Date"). |
| **Governmental Bar Date** | Solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), establishing **May 7, 2027, at 11:59 p.m., prevailing Eastern Time**, as the last date and time for each such governmental unit to file Proofs of Claim asserting Claims ("Governmental Claims") against any Debtor that arose on or before the Petition Date (the "Governmental Bar Date"). |
| **Amended Schedules Bar Date** | In the event that the Debtors amend their Schedules (as defined herein), **establishing the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is thirty (30) days from the date on which the Debtors provide notice of the amendment to the Schedules, as the last date and time by which claimants holding claims affected by the amendment must file Proofs of Claim against any Debtor** (such later date, the "Amended Schedules Bar Date"). |
| **Rejection Damages Bar Date** | Solely as to claims arising from the Debtors' rejection of executory contracts and unexpired leases, **establishing the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease** as the last date and time by which claimants holding claims based upon such rejection must file Proofs of Claim against any Debtor, **unless otherwise ordered by the Court** (such later date, the "Rejection Damages Bar Date" and, together with the General Claims Bar Date, the Governmental Bar Date, the Amended Schedules Bar Date, as applicable, the "Bar Date" or "Bar Dates"). |

3 "503(b)(9) Claims" are Claims for the value of goods received by the Debtors within twenty (20) days before the Petition Date, where such goods were sold to the Debtors in the ordinary course of such Debtors' businesses. See 11 U.S.C. § 503(b)(9).

4 Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 501, 502, 503, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 3003, 5005, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3003-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## Background

5. Founded in 1969 and headquartered in Secaucus, New Jersey, the Debtors own and operate a specialty retailer of children's apparel, accessories, and footwear, operating under The Children's Place and Gymboree brands. The Debtors design and source products through third-party manufacturers and sell them at value prices for babies, toddlers, and children. The Debtors reach customers through two digital storefronts, retail stores in North America, and wholesale marketplaces, including Amazon, a key customer acquisition channel. Internationally, various franchise and wholesale partners distribute the Debtors' products in thirteen countries, generating product sales and royalty revenue for the Debtors.

6. On November 8, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

7. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the chapter 11 cases can be found in the First Day Declaration, which is incorporated herein by reference.

8. As described in the First Day Declaration, the Debtors are pursuing an expedited chapter 11 process that includes a potential transaction that would preserve the Debtors' business as a going concern. To help facilitate that process, the Debtors seek to establish the proposed deadlines, including the General Bar Date for filing proofs of claim, as discussed in further detail below.

## The Proposed Bar Dates

9. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim. Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall

have a minimum of 180 days after the entry of the order for relief to file Proofs of Claim. Contemporaneous with this Motion, the Debtors have filed the *Debtors' Motion Seeking Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs, and (II) Granting Related Relief*, requesting that the Court extend the deadline to file Schedules by nineteen (19) days, for a total of thirty-three (33) days from the Petition Date. The Debtors intend to file their Schedules by December 7, 2026.

10. The Debtors propose to allow creditors other than governmental units until **11:59 p.m., prevailing Eastern Time on January 6, 2027**, and governmental units until **11:59 p.m., prevailing Eastern Time on May 7, 2027,** to file Proofs of Claim. Accordingly, the Debtors anticipate that they will file their Schedules at least thirty (30) days before the Debtors' proposed General Claims Bar Date and at least 151 days before the proposed Governmental Bar Date. The proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

**I. General Claims Bar Date.**

11. The Debtors request that the Court establish **11:59 p.m., prevailing Eastern Time on January 6, 2027**, as the General Claims Bar Date. The General Claims Bar Date would be the date and time by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, including requests for payment under section 503(b)(9), so that such Proofs of Claim are actually received by Omni Agent Solutions, Inc. ("Omni" or the "Notice and Claims Agent") as of the General Claims Bar Date, unless such entity's claim falls within one of the exceptions set forth in this Motion. Subject to these exceptions, the General Claims Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including 503(b)(9) Claims, secured claims, unsecured priority claims, unsecured

non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

## II. Governmental Bar Date.

12. Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide." 11 U.S.C. § 502(b)(9). The Debtors request that the Court establish **11:59 p.m., prevailing Eastern Time on May 7, 2027**, as the Governmental Bar Date for all Governmental Claims. The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are actually received by the Notice and Claims Agent by the Governmental Bar Date.

## III. Amended Schedules Bar Date.

13. In the event that the Debtors amend their Schedules after December 7, 2026, in accordance with Bankruptcy Local Rule 1009-1, the Debtors request that the Court establish the Amended Schedules Bar Date as the deadline by which claimants holding Claims affected by the amendment must file Proofs of Claim with respect to such Claims so that such Proofs of Claim are actually received by the Notice and Claims Agent as of the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) **11:59 p.m. prevailing Eastern Time on the date that is thirty (30) calendar days** from the date on which the Debtors provide notice of the amendment to the Schedules.

## IV. Rejection Damages Bar Date.

14. The Debtors also seek to require any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease to submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) **11:59 p.m., prevailing Eastern Time, on the date that is thirty calendar days** from the date of entry of such order, unless otherwise ordered by the Court. The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

## The Proposed Procedures for Submitting Proofs of Claim

## I. Proposed Filing Procedures.

### A. Parties and Forms.

15. All holders of Claims shall file Proofs of Claim, using the Proof of Claim Form, by the General Claims Bar Date, **except** as set forth below:

a. All governmental units shall file Proofs of Claim by the Governmental Bar Date.

b. All holders of Rejection Claims shall file Proofs of Claim by the Rejection Damages Bar Date.

c. All holders of Claims affected by an amendment to the Schedules shall file Proofs of Claim by the Amended Schedules Bar Date.

16. In addition to the exceptions listed in the paragraph above, the Debtors propose that entities holding the following Claims be **exempt** from any requirement to file a Proof of Claim on account of the below claims before any Bar Date:

a. any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to

assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b. any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c. any Claim that has previously been allowed by order of this Court;

d. any Claim that has already been paid in full by any of the Debtors;

e. any Claim for which a different deadline has previously been fixed by this Court;

f. any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of THE CHILDREN'S PLACE, INC.;

g. any person or entity that holds an equity interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, warrants, options, or rights of purchase, or who sell or subscribe to such a security or interest; *provided* that any holder of an equity interest in the Debtors who wishes to assert a Claim (as opposed to an ownership interest) against the Debtors (including a Claim relating to such equity interest or the purchase or sale of such equity interest), must file a Proof of Claim on or before the applicable Bar Date;

h. any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

i. any Professional Compensation Claim;[5]

---

[5] "*Professional Compensation Claims*" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined below) through and including the Effective Date, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses. To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

j. any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k. as provided in any interim or final order entered by the Court authorizing the Debtors to obtain postpetition financing and/or use cash collateral (each, a ("Financing Order"), the financing parties thereunder, on account of any claims arising under or in connection with the Financing Order documentation or the ABL Credit Facility or SLR Term Loan, it being understood that no Bar Date shall apply to such claims, such parties shall not be required to file requests for allowance of administrative expenses on account of such claims, and each of the Prepetition ABL Agent and the Prepetition Term Loan Agent may file proofs of claim, including aggregate or master proofs of claim, as and to the extent provided in any Financing Order; and

l. any Claim held by any person or entity solely against a non-Debtor entity.

17. The Debtors have prepared and now seek approval of the Proof of Claim Form attached as **Exhibit 1** to the Bar Date Order, which, although based on Official Form 410, is modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code.

18. So long as a creditor otherwise complies in all respects with the Bar Date Order, the creditor can submit a Proof of Claim in hard copy or through the Debtors' case website established by the Notice and Claims Agent, at https://omniagentsolutions.com/TCP.

## II. Proposed Preparation and Filing Instructions.

19. The Debtors request that the Court require all Proofs of Claim submitted in these chapter 11 cases be consistent with the following:

a. ***Contents***. Each Proof of Claim must: (i) be written in English; (*provided* that a Proof of Claim submitted by a creditor located in Canada may be written in English or French, and the Debtors shall, to the extent reasonably practicable, arrange for the translation of any Proof of Claim

---

"*Professional*" means an entity: (a) retained in these chapter 11 cases pursuant to a Final Order in accordance with sections 327, 328, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered and expenses incurred before or on the confirmation date, pursuant to sections 327, 328, 329, 330, 363, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

submitted in French through the Notice and Claims Agent) (ii) be denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Notice and Claims Agent's website at https://omniagentsolutions.com/TCP by the claimant or by an authorized agent or legal representative of the claimant;

b. ***Section 503(b)(9) Claim***. In addition to the requirements set forth above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c. ***Receipt of Service***. Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d. ***Identification of the Debtor Entity***. Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of the proposed Proof of Claim Form. A Proof of Claim submitted under Case No. 26-22682 (SLM) or that does not identify a Debtor will be deemed as submitted only against THE CHILDREN'S PLACE, INC. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 26-22682 (SLM) will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e. ***Claim Against Multiple Debtor Entities***. Each Proof of Claim must state a Claim against only one Debtor and clearly indicate the Debtor against which the Claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such Claim may be treated as if filed only against THE CHILDREN'S PLACE, INC.; and

f. ***Supporting Documentation***. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of

such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such supporting documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND DELIVERY, OR THROUGH OMNI'S WEBSITE.**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

**III. Consequences of Failing to Timely Submit a Proof of Claim.**

20. In accordance with Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity that is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date will be forever barred, estopped, and enjoined from asserting such Claim—including any such Claim asserting administrative expense status under section 503(b)(9) of the Bankruptcy Code—against the Debtors (or submitting a Proof of Claim with respect to that Claim), and the Debtors and their property, will be forever discharged from any and all indebtedness or liability with respect to or arising from that Claim. Moreover, such creditor will be prohibited from (a) voting on any chapter 11 plan filed in these chapter 11 cases on account of such Claim, (b) participating in any distribution in these chapter 11 cases on account of such Claim, and (c) receiving further notices regarding such Claim. Such person or entity shall not be treated as a creditor with respect to such Claim for any purpose in these chapter 11 cases.

**The Bar Date Notice**

21. Among other things, the Bar Date Notice: (a) identifies the Bar Dates; (b) includes detailed procedures for submitting a timely and accurate Proof of Claim; (c) lists the parties who are not required to submit a Proof of Claim; (d) describes the consequences of failing to submit a

Proof of Claim in accordance with the Bar Date Order; and (e) provides creditors with the name and telephone number of the Notice and Claims Agent, where questions may be addressed and from whom additional information may be obtained.

22. With the assistance of the Notice and Claims Agent, by no later than five (5) business days after entry of the Bar Date Order, the Debtors will serve the Bar Date Notice and a Proof of Claim Form by email from the Notice and Claims Agent as applicable and/or first-class mail on:

a. the United States Trustee;

b. all persons or entities that have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Bar Date Order);

c. all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

d. all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of entry of the Bar Date Order;

e. all known equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

f. all entities who are party to executory contracts and unexpired leases with the Debtors;

g. all entities who are party to litigation with the Debtors;

h. all current and certain former employees (to the extent that contact information for former employees is available in the Debtors' records);

i. the Internal Revenue Service, the United States Attorney's Office for the District of New Jersey, the Securities and Exchange Commission and any other governmental units applicable to the Debtors' business, including those in Canada and all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

j. all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, taxing, and permitting authorities.

23. The Debtors also intend to provide notice of the Bar Dates by publication to help ensure that all potential claimants receive adequate notice of the Bar Dates. Specifically, the Debtors propose to publish the Bar Date Notice, modified for publication substantially in the form attached as **Exhibit 3** to the Bar Date Order (the "Publication Notice"), on one occasion in a national publication in the United States, and in Canada (in English and, to the extent reasonably practicable, in French), and any such other publication that the Debtors deem appropriate.

24. The Debtors, to the extent reasonably practicable, will cause the Bar Date Notice, the Publication Notice and the Proof of Claim Form to be translated into French for all known creditors with an address in the Province of Québec. Further, the Debtors, to the extent reasonably practicable, shall post the Proof of Claim Form and the Bar Date Notice in both the English and French languages on the Debtors' case website established by the Notice and Claims Agent at https://omniagentsolutions.com/TCP.

## Basis for Relief

### I. Authority to Approve the Bar Dates and the Procedures for Filing Proofs of Claim.

25. Generally, claimants must submit a Proof of Claim to assert a Claim in a bankruptcy proceeding. *See* 11 U.S.C. § 501(a). Bankruptcy Rule 3003(c)(3) typically governs the submission of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." It is well recognized that a claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust and Sav. Assoc. v. 203 N LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). Indeed, prolonged uncertainty regarding the aggregate liabilities of the bankruptcy estate could delay or derail the development of a sound restructuring plan process to the detriment of creditors and parties in interest. *See In re Waterman S.S. Corp.*, 59 B.R. 724, 726

(Bankr. S.D.N.Y. 1986) ("Absent the setting of a bar date, a Chapter 11 case could not be administered to a conclusion."). Further, the absence of such a deadline in contrast, would prolong claimholder uncertainty, increase the costs and expenses incurred by the Debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law — "secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995); *see also Ellis v. Westinghouse Elec. Co., LLC*, 11 F. 4th 221, 232 (3d Cir. 2021) (stating that a bar date "not only allows the trustee or debtor-in-possession to estimate the debtor's potential liabilities, it is also essential in formulating a viable reorganization plan. Without a final claims deadline, participants in the reorganization process would be hindered by undue caution in their negotiations and in voting on the plan.").

26. Local Rule 3003-1 provides that: (i) a "creditor (other than a governmental unit) or equity security holder subject to Bankruptcy Rule 3003(c)(2) must file a proof of Claim . . . not later than 70 days after the date of the order for relief;" (ii) that a "governmental unit subject to Bankruptcy Rule 3003(c)(2) must file a proof of claim not later than 180 days after the date of the order for relief;" and (iii) that a "proof of claim arising from the rejection of an executory contract or unexpired lease must be filed by the later of (1) thirty (30) days after rejection; or (2) seventy (70) days after the date of the order for relief." *See* D.N.J. LBR 3003-1.

27. To ensure that the Debtors are able to confirm and consummate a chapter 11 plan, the Debtors will require accurate information regarding the nature, validity, amount, and status of all Claims that will be asserted against their estates in these chapter 11 cases. Given the sheer number of potential claimants in these chapter 11 cases, it is important that the Debtors begin the Claims analysis and reconciliation process as soon as possible pursuant to clear procedures

designed to both limit confusion on the part of creditors and facilitate an efficient process that conserves estate resources. Fixing the Bar Dates as set forth herein will help the Debtors accomplish the foregoing objectives.

28. Recognizing the importance of setting deadlines for submitting claims against a debtor, courts in this and other jurisdictions routinely approve relief similar to that requested in this Motion. *See, e.g.*, *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. June 18, 2026) (establishing deadlines by which certain holders of claims were required to file proofs of claims); *In re Eddie Bauer LLC*, Case No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 16, 2026) (same); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 11, 2026) (same); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Sept. 25, 2025) (same); *In re CCA Construction, Inc.*, No. 24-22548 (CMG) (Bankr. D.N.J. Jun. 25, 2025); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. Apr. 4, 2024) (same); *In re Invitae Corporation*, No. 24-11362 (MBK) (Bankr. Mar. 18, 2024) (same); *In re Rite Aid Corporation*, No. 23-18993 (MBK) (Bankr. D.N.J. Nov. 20, 2023) (same); *In re Cyxtera Technologies, Inc.*, No. 23-13359 (JKS) (Bankr. D.N.J. July 20, 2023); *In re Bed Bath & Beyond Inc.*, No. 23-14853 (VFP) (Bankr. D.N.J. May 31, 2023) (same); *In re David's Bridal, LLC*, No. 22-13131 (CMG) (Bankr. D.N.J. May 18, 2023); (same); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Jan. 30, 2023) (same); *In re Alliant Techs. L.L.C.*, No. 21-19748 (JKS) (Bankr. D.N.J. Apr. 6, 2022) (same); *In re L'Occitane, Inc.*, No. 21-10632 (MBK) (Bankr. D.N.J. Mar. 31, 2021) (same); *In re Congoleum Corp.*, No. 20-18488 (MBK) (Bankr. D.N.J. Aug. 13, 2020) (same).[6]

---

6 Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

29. Further, the Debtors submit that the adjustments to the Proof of Claim Form set forth herein are justified and warranted under the circumstances present here. Courts in this jurisdiction regularly adjust a proof of claim form with respect to fixing bar dates for submitting Claims under section 503(b)(9) of the Bankruptcy Code. *See, e.g.*, *In re SIMAD Holdings, Ltd.*, No. 26-16388 (CMG) (Bankr. D.N.J. July 16, 2026) (permitting Debtors to utilize a modified proof of claim form); *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. June 18, 2026) (same); *In re Eddie Bauer LLC*, Case No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 16, 2026) (same); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 11, 2026) (same); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Sept. 25, 2025) (same); *In re CCA Construction, Inc.*, No. 24-22548 (CMG) (Bankr. D.N.J. Jun. 25, 2025); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. Apr. 4, 2024); *In re Invitae Corporation*, No. 24-11362 (MBK) (Bankr. Mar. 18, 2024); *In re Rite Aid Corporation*, No. 23-18993 (MBK) (Bankr. Nov. 20, 2023); *In re Cyxtera Technologies, Inc.*, No. 23-13359 (JKS) (Bankr. D.N.J. July 20, 2023); *In re Bed Bath & Beyond Inc*, No. 22-19361 (MBK) (Bankr. D.N.J. Jan. 30, 2023); *In re L'Occitane, Inc.*, No. 21-10632 (MBK) (Bankr. D.N.J. Mar. 31, 2021); *In re Congoleum Corp.*, No. 20-18488 (MBK) (Bankr. D.N.J. Aug. 13, 2020).[7]

30. To ensure that the Debtors are able to confirm and consummate a chapter 11 plan, the Debtors will require accurate information regarding the nature, validity, amount, and status of all claims that will be asserted against their estates in these chapter 11 cases. It is important that the Debtors begin the claims analysis and reconciliation process as soon as possible pursuant to clear procedures designed to both limit confusion on the part of creditors and facilitate an efficient

---

[7] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

process that conserves estate resources. Fixing the Bar Dates as set forth herein will help the Debtors accomplish the foregoing objectives.

31. The Bar Dates herein comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules; as such, they are appropriate and should be approved. The Debtors anticipate that their Schedules will be on file at least thirty (30) days before the General Claims Bar Date and at least one-hundred-fifty-one (151) days before the Governmental Bar Date. Further, the proposed timeline provides that the Rejection Damages Bar Date is the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) thirty (30) calendar days from the date of entry of such order, unless otherwise ordered by the Court. Accordingly, the Debtors request that the Court establish the Bar Dates set forth herein.

**II. The Procedures for Submitting Proofs of Claim Should Be Approved.**

32. The Debtors have worked to design procedures that: (a) provide creditors with ample notice and opportunity to submit Proofs of Claim; (b) provide a clear process for effecting the same; and (c) achieve administrative and judicial efficiency. Indeed, the procedures described above are calibrated to achieve the twin goals of providing comprehensive notice and clear instructions to creditors, on the one hand, and allowing these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

33. Among other things, the procedures provide clear instructions for submitting Proofs of Claim that are calculated to avoid confusion or uncertainty among creditors that might lead them to submit unnecessary protective Proofs of Claim or multiple Proofs of Claim, which, in either event, would result in unnecessary expense and delay in the Claims reconciliation process for all parties affected thereby.

34. The Debtors propose that claimants be permitted to submit Proofs of Claim in person, by hand delivery, or via mail. Although Proofs of Claim submitted by fax or email will

not be accepted, the Debtors propose that Proofs of Claim be permitted to be submitted electronically using the interface available on the Notice and Claims Agent's website at https://omniagentsolutions.com/TCP. A similar electronic interface has been utilized in other large bankruptcy cases in this district. *See, e.g.*, *In re SIMAD Holdings, Ltd.*, No. 26-16388 (CMG) (Bankr. D.N.J. July 16, 2026) (approving procedures for submission of proofs of claim through electronic interface); *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. June 18, 2026) (same); *In re Eddie Bauer LLC*, Case No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 16, 2026) (same); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 11, 2026) (same); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Sept. 25, 2025) (same); *In re CCA Construction, Inc.*, No. 24-22548 (CMG) (Bankr. D.N.J. Jun. 25, 2025); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. Apr. 4, 2024) (same); *In re Invitae Corporation*, No. 24-11362 (MBK) (Bankr. D.N.J. Mar. 18, 2024) (same); *In re Rite Aid Corporation*, No. 23-18993 (MBK) (Bankr. D.N.J. Nov. 20, 2023) (same); *In re Cyxtera Technologies, Inc.*, No. 23-13359 (JKS) (Bankr. D.N.J. July 20, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 31, 2023) (same); *In re David's Bridal, LLC*, No. 22-13131 (CMG) (Bankr. D.N.J. May 18, 2023) (same); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Jan. 30, 2023) (same).[8]

35. These procedures will facilitate the claims process by establishing protocols for noticing and publishing the Bar Dates and providing claimants with clear instructions regarding the procedures and other requirements for submitting a Proof of Claim. Accordingly, these procedures should be approved.

---

8 Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

**III. The Proposed Notice and Service Satisfy Due Process Requirements.**

36. Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one (21) days' notice by mail of the time fixed for submitting proofs of claim pursuant to Bankruptcy Rule 3003(c). In addition, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or that it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

37. In conjunction with setting deadlines to file Proofs of Claim, the Debtors must give appropriate notice to interested parties. The Debtors propose to mail and/or email the Bar Date Notice to their known creditors and, thus, must rely on publication to give notice to its unknown creditors. This procedure is consistent with applicable case law and practice in this district. *See, e.g.*, *In re SIMAD Holdings, Ltd.*, No. 26-16388 (CMG) (Bankr. D.N.J. July 16, 2026) (relying on publication to give notice to its unknown creditors); *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. June 18, 2026) (same); *In re Eddie Bauer LLC*, Case No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 16, 2026) (same); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 11, 2026) (same); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Sept. 25, 2025) (same); *In re CCA Construction, Inc.*, No. 24-22548 (CMG) (Bankr. D.N.J. Jun. 25, 2025); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. Apr. 4, 2024) (same); *In re Invitae Corporation*, No. 24-11362 (MBK) (Bankr. D.N.J. Mar. 18, 2024) (same); *In re Rite Aid Corporation*, No. 23-18993 (MBK) (Bankr. D.N.J. Nov. 20, 2023) (same); *In re Cyxtera Technologies, Inc.*, No. 23-13359 (JKS) (Bankr. D.N.J. July 20, 2023); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 31, 2023) (same); *In re David's Bridal, LLC*, No. 22-13131 (CMG) (Bankr. D.N.J. May 18, 2023) (same); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Jan. 30, 2023) (same); *In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr.

S.D.N.Y, Nov. 16, 2022) (same); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 3, 2022) (same).[9]

38. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *Chemetron*, 72 F.3d at 346. As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date." *Id.* at 346 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id.* (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

39. Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting proofs of claim. *See, e.g.*, *In re Enron Corp.*, 2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29, 2006) ("[D]ebtor must send actual notice of the bar date to any known creditor, while constructive notice is generally sufficient with an unknown creditor."); *Daewoo Int'l (Am.) Corp. Creditor Trust v. SSTS Am. Corp.*, 2003 WL 21355214, at *3 (S.D.N.Y. June 11, 2003) (same); *Pope*, 485 U.S. at 491 (holding that where creditor was known or "reasonably ascertainable," then due process only requires "notice by mail or other means as certain to ensure actual notice").

40. Where a creditor is unknown to the debtor, due process requires only that the debtor take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for submitting proofs of claim. *See, e.g.*, *In re XO Commc'ns*, 301 B.R. 782, 793 (Bankr. S.D.N.Y.

---

9 Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

2003) (finding that if a creditor is unknown constructive notice is generally sufficient); *DePippo v. Kmart Corp.*, 335 B.R. 290, 296 (S.D.N.Y. 2005) ("It is well-settled that when a creditor is 'unknown' to the debtor, publication notice of the Claims bar date is adequate constructive notice sufficient to satisfy due process requirements . . . ."); *In re U.S.H. Corp. of New York*, 223 B.R. 654, 659 (Bankr. S.D.N.Y. 1998) (same). Furthermore, debtors are not required to publish notice in an excessive number of publications. *See In re Best Prods. Co., Inc.*, 140 B.R. 353, 358 (Bankr. S.D.N.Y. 1992) (finding it impracticable to expect a debtor to publish notice in every newspaper that an unknown creditor possibly may read).

41. The Debtors submit that the relief requested herein provides clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and is consistent with the underlying policies of the Bankruptcy Code. Specifically, to the extent the General Bar Date is established as proposed, the Debtors intend to cause the Bar Date Notice to be served by email and/or first-class mail, as applicable, within five (5) business days of entry of the Bar Date Order. This will provide for at least fifty (50) days' notice of the General Claims Bar Date.

42. After the initial mailings of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[10] (b) notices served by email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity interest holders) decline to pass along notices to these parties and instead provide their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants become known to the Debtors. In these and similar circumstances, the Debtors request that the Court permit them to make supplemental mailings of

[10] If notices are returned as "return to sender" without a forwarding address or bounceback (via email), the Debtors request that they should not be required to mail additional notices to such creditors.

the Bar Date Notices and Proof of Claim Forms at any time up to seven (7) days in advance of the applicable Bar Date, with any such mailings deemed timely and the applicable Bar Date being enforced against the relevant creditors, and such claimants shall submit their claims by the later of (i) the applicable Bar Date, or (ii) the date that is thirty (30) calendar days after such person or entity is re-served with the Bar Date Notice and Proof of Claim Form. The Debtors believe that these proposed supplemental mailings will help provide actual notice to known creditors wherever practicable, while at the same time preserving the integrity of the applicable Bar Date.

43. To provide creditors unknown to the Debtors with constructive notice of the Bar Dates herein, the Debtors propose to publish the Bar Date Notice, modified as necessary, in a national publication in the United States, and in Canada (in English and, to the extent reasonably practicable, in French), and any such other publication that the Debtors deem appropriate and disclose in their Affidavit of Service. The Debtors, to the extent reasonably practicable, will cause the Bar Date Notice, the Publication Notice and the Proof of Claim Form to be translated into French for all known creditors with an address in the Province of Québec.

44. In light of the foregoing, service and publication of the Bar Date Notice is reasonably designed to reach all interested parties in a cost-effective manner and satisfies the requirements of the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules. Accordingly, the Debtors request that the Court deem the form of Bar Date Notice and mailing and publication thereof good, adequate, and sufficient notice of the Bar Dates set forth herein.

## Reservation of Rights

45. Nothing contained in this Motion or any order granting the relief requested in this Motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:

(a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

## No Prior Request

46. No prior request for the relief sought in this Motion has been made to this or any other court.

## Notice

47. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) Wells Fargo Bank, National Association, as Prepetition ABL Agent; (d) Crystal Financial LLC d/b/a SLR Credit Solutions, as Prepetition Term Loan Agent; (e) counsel to Mithaq Capital SPC, as prepetition unsecured lender; (f) the office of the attorney general for each of the states in which the Debtors operate; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the Canada Revenue Agency; and (j) any party that has requested notice

pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Bar Date Order, in substantially the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: November 9, 2026

*/s/ Michael D. Sirota*

**WHITE & CASE LLP**
Gregory F. Pesce (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
gregory.pesce@whitecase.com

- and -

Andrew F. O'Neill (*pro hac vice* pending)
300 North LaSalle Drive
Chicago, Illinois 60654
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
aoneill@whitecase.com

- and -

Amanda Parra Criste (*pro hac vice* pending)
Varoon Sachdev (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
aparracriste@whitecase.com
varoon.sachdev@whitecase.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*pro hac vice* pending)
Justin R. Alberto (*pro hac vice* pending)
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Bar Date Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**WHITE & CASE LLP**
Gregory F. Pesce (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
gregory.pesce@whitecase.com

Andrew F. O'Neill (*pro hac vice* pending)
300 North LaSalle Drive
Chicago, Illinois 60654
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
aoneill@whitecase.com

Amanda Parra Criste (*pro hac vice* pending)
Varoon Sachdev (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
aparracriste@whitecase.com
varoon.sachdev@whitecase.com

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*pro hac vice* pending)
Justin R. Alberto (*pro hac vice* pending)
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>THE CHILDREN'S PLACE, INC., *et al.*,<br>Debtors.[1] | Chapter 11<br><br>Case No. 26-22682 (SLM)<br>(Joint Administration Requested) |

**ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AN AMENDED SCHEDULES BAR DATE AND A REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through thirteen (13), is **ORDERED**.

1 A complete list of each of the Debtors, including each Debtor's tax identification number, in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/TCP . The location of the Debtors' service address for purposes of these chapter 11 cases is 500 Plaza Drive, Secaucus, New Jersey 07094.

Upon the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Bar Date Order") (a) setting Bar Dates for creditors to submit Proofs of Claim in these chapter 11 cases, (b) approving the procedures described herein for submitting Proofs of Claim in these chapter 11 cases and the form of Proof of Claim attached hereto as **Exhibit 1**, (c) approving the forms and manner of service of the notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached hereto as **Exhibit 3**, and allowing for publication notice as described in the Motion, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on the basis as set forth herein.

2. Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose before the Petition Date, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is ***actually received*** by Omni Agent Solutions, Inc. (the "Notice and Claims Agent") before **11:59 p.m. prevailing Eastern Time on January 6, 2027** (the "General Claims Bar Date"), in accordance with this Bar Date Order.

3. Notwithstanding any other provision of this Bar Date Order, Proofs of Claim submitted by governmental units must be submitted so as to be ***actually received*** by the Notice and Claims Agent before **11:59 p.m. prevailing Eastern Time on May 7, 2027** (the "Governmental Bar Date").

4. Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the later of (a) the applicable Bar Date and (b) thirty (30) calendar days from the date of entry of such order, unless otherwise ordered by the Court (the "Rejection Damages Bar Date"). The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject such executory contract or unexpired lease.

5. Unless otherwise agreed to by the Debtors, in the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders must submit their Claims by the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) **11:59 p.m., prevailing Eastern Time, on the date that is thirty (30) calendar days** after such person or entity is served with notice that the Debtors have amended their Schedules in a manner that affects such person or entity (any such date, the "Amended Schedules Bar Date").

6. In accordance with Bankruptcy Rule 3003(c)(2) any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) asserting a Claim against the Debtors (b) voting on any chapter 11 plan filed in these chapter 11 cases on account of such Claim, (c) participating in any distribution in these chapter 11 cases on account of such Claim, and (d) receiving further notices regarding such Claim.

7. The following procedures for the submission of Proofs of Claim asserting Claims against the Debtors in these chapter 11 cases shall apply:

a. ***Contents***. Each Proof of Claim must: (i) be written in English (*provided* that a Proof of Claim submitted by a creditor located in Canada may be written in English or French, and the Debtors shall, to the extent reasonably practicable, arrange for the translation of any Proof of Claim submitted in French through the Notice and Claims Agent); (ii) be denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Notice and Claims Agent's website at https://omniagentsolutions.com/TCP by the claimant or by an authorized agent or legal representative of the claimant;

b. ***Section 503(b)(9) Claims***. In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c. ***Receipt of Service***. Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d. ***Identification of the Debtor Entities***. Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form. A Proof of Claim submitted under Case No. 26-22682 (SLM) or that does not identify a Debtor will be deemed as submitted only against THE CHILDREN'S PLACE, INC. A Proof of Claim that names a subsidiary

Debtor but is submitted under Case No. 26-22682 (SLM) will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e. ***Claim Against Multiple Debtor Entities***. Each Proof of Claim must state a Claim against only one Debtor and clearly indicate the Debtor against which the Claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such Claim may be treated as if filed only against THE CHILDREN'S PLACE, INC.; and

f. ***Supporting Documentation***. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such supporting documentation to Debtors' counsel upon request no later than ten days from the date of such request.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL,**
**BY HAND DELIVERY, OR THROUGH OMNI'S WEBSITE.**

**PROOFS OF CLAIM**
**SUBMITTED BY FAX OR EMAIL WILL NOT BE**
**ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

8. Persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a. any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b. any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c. any Claim that has previously been allowed by order of this Court;

d. any Claim that has already been paid in full by any of the Debtors;

e. any Claim for which a different deadline has previously been fixed by this Court;

f. any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of THE CHILDREN'S PLACE, INC.;

g. any person or entity that holds an equity interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, warrants, options, or rights of purchase, or who sell or subscribe to such a security or interest; provided that any holder of an equity interest in the Debtors who wishes to assert a Claim (as opposed to an ownership interest) against the Debtors (including a Claim relating to such equity interest or the purchase or sale of such equity interest), must file a Proof of Claim on or before the applicable Bar Date;

h. any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; provided, however, that a current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

i. any Professional Compensation Claim;[3]

[3] "*Professional Compensation Claims*" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined below) through and including the

j. any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k. as provided in any interim or final order entered by the Court authorizing the Debtors to obtain postpetition financing and/or use cash collateral (each, a ("Financing Order"), the financing parties thereunder, on account of any claims arising under or in connection with the Financing Order documentation or the ABL Credit Facility or SLR Term Loan, it being understood that no Bar Date shall apply to such claims, such parties shall not be required to file requests for allowance of administrative expenses on account of such claims, and each of the Prepetition ABL Agent and the Prepetition Term Loan Agent may file proofs of claim, including aggregate or master proofs of claim, as and to the extent provided in any Financing Order; and

l. any Claim held by any person or entity solely against a non-Debtor entity.

9. Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

10. The Bar Date Notice, substantially in the form attached to this Order as **Exhibit 2**, and the Proof of Claim Form, substantially in the form attached to this Order as **Exhibit 1**, are hereby approved.

11. The Debtors shall cause the Bar Date Notice and the Proof of Claim Form, substantially in the forms annexed as **Exhibit 2** and **Exhibit 1**, respectively, to this Order, to be

---

Effective Date, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses. To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"*Professional*" means an entity: (a) retained in these chapter 11 cases pursuant to a Final Order in accordance with sections 327, 328, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered and expenses incurred before or on the confirmation date, pursuant to sections 327, 328, 329, 330, 363, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

served within five (5) business days of entry of this Bar Date Order by email and/or first-class mail, as applicable, on:

a. the United States Trustee;

b. all persons or entities that have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Bar Date Order);

c. all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

d. all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of entry of the Bar Date Order;

e. all known equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

f. all entities who are party to executory contracts and unexpired leases with the Debtors;

g. all entities who are party to litigation with the Debtors;

h. all current and certain former employees (to the extent that contact information for former employees is available in the Debtors' records);

i. the Internal Revenue Service, the United States Attorney's Office for the District of New Jersey, the Securities and Exchange Commission and any other governmental units applicable to the Debtors' business, including those in Canada and all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

j. all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, taxing, and permitting authorities.

12. After the initial emailing and mailing of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices,

including in the event that: (a) notices are returned by the post office with forwarding addresses;[4] (b) notices served by email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants or parties in interest become known to the Debtors. In this regard, the Debtors may make supplemental mailings of the Bar Date Notices and Proof of Claim Forms in these and similar circumstances at any time up to seven (7) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

13. Pursuant to Bankruptcy Rules 2002(f) and 2002(*l*), the Debtors shall publish a form of the Bar Date Notice (modified as necessary), substantially in the form annexed as **Exhibit 3** to the Bar Date Order (the "Publication Notice"), on one occasion in a national publication in the United States, and in Canada (in English and, to the extent reasonably practicable, in French), and any such other publication that the Debtors deem appropriate. To the extent reasonably practicable, the Debtors will cause the Bar Date Notice, the Publication Notice and the Proof of Claim Form to be translated into French for all known creditors with an address in the Province of Québec.

[4] If notices are returned as "return to sender" without a forwarding address or bounceback (via email), the Debtors request that they should not be required to mail additional notices to such creditors.

14. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

15. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent,

validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a Proof of Claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

16. The Debtors' and their Notice and Claims Agent are authorized to take all actions and make any payments necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

17. Notwithstanding anything to the contrary, the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

18. Entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

20. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

# **Exhibit 1**

**Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**

For Omni Internal Use

**Fill in the information to identify the case (Select only one Debtor per form):**

- ☐ THE CHILDREN'S PLACE, INC. (Case No. )
- ☐ The Children's Place Services Company, LLC (Case No. )
- ☐ The Children's Place International, LLC (Case No. )
- ☐ The Children's Place Canada Holdings, Inc. (Case No. )
- ☐ thechildrensplace.com, inc. (Case No. )
- ☐ TCP IH II, LLC (Case No. )
- ☐ TCP Real Estate Holdings, LLC (Case No. )
- ☐ TCP International Product Holdings, LLC (Case No. ) The
- ☐ The CHILDREN'S PLACE (CANADA), LP (Case No. )
- ☐ TCP INVESTMENT CANADA II CORP. (Case No. )
- ☐ TCP INVESTMENT CANADA I CORP. (Case No. )
- ☐ TCP Brands, LLC (Case No. )
- ☐ AMASKIT, LLC (Case No. )
- ☐ The Children's Place (Barbados) Inc. (Case No. )

Official Form 410

# Proof of Claim

**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

______________________________
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______________________________

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes From whom? ______________________________

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent? (if different)** |
|---|---|
| Name | Name |
| Number Street | Number Street |
| City State ZIP Code | City State ZIP Code |
| Contact Phone ______ | Contact Phone ______ |
| Contact email ______ | Contact email ______ |

Uniform claim identifier (if you use one)

______________________________

**4. Does this claim amend one already filed?**

☐ No
☐ Yes Claim Number on court claims registry (if known) ________ Filed On ________ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes Who made the earlier filing? ______________________________

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes Last 4 digits of the debtor's account or any number you use to identify the debtor: __________

**7. How much is the claim?**

$ __________

**Does this amount include interest or other charges?**

☐ No
☐ Yes Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

__________

**9. Is all or part of the claim secured?**

☐ No
☐ Yes The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor Vehicle
☐ Other Describe: __________

**Basis for perfection:** __________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded).

**Value of Property:** $ __________

**Amount of the claim that is secured:** $ __________

**Amount of the claim that is unsecured:** $ __________ (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:** $ __________

**Annual Interest Rate:** (when case was filed) __________%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☐ No
☐ Yes **Amount necessary to cure any default as of the date of the petition.** $ __________

**11. Is this claim subject to a right of setoff?**

☐ No
☐ Yes Identify the property: __________

**12. Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. §503(b)(9))?**

☐ No
☐ Yes Amount of 503(b)(9) Claim: $ __________

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No
☐ Yes *Check all that apply*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ ________ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ ________ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ ________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ ________ |
| ☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5). | $ ________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ ________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it.**

**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ____________________
MM / DD / YYYY

____________________________________________
Signature

**Print the name of the person who is completing and signing this claim:**

Name ____________________________________________
First Name Middle Name Last Name

Title ____________________________________________

Company ____________________________________________
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address ____________________________________________
Number Street

____________________________________________
City State ZIP Code

Contact Phone ____________________ Email ____________________

# <u>Exhibit 2</u>

## Bar Date Notice

**WHITE & CASE LLP**
Gregory F. Pesce (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
gregory.pesce@whitecase.com

- and -

Andrew F. O'Neill (*pro hac vice* pending)
300 North LaSalle Drive
Chicago, Illinois 60654
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
aoneill@whitecase.com

- and -

Amanda Parra Criste (*pro hac vice* pending)
Varoon Sachdev (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
aparracriste@whitecase.com
varoon.sachdev@whitecase.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*pro hac vice* pending)
Justin R. Alberto (*pro hac vice* pending)
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>THE CHILDREN'S PLACE, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-22682 (SLM)<br><br>(Joint Administration Requested) |

[1] A complete list of each of the Debtors, including each Debtor's tax identification number, in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/TCP. The location of the Debtors' service address for purposes of these chapter 11 cases is 500 Plaza Drive, Secaucus, New Jersey 07094.

**NOTICE OF DEADLINE
REQUIRING SUBMISSION OF PROOFS
OF CLAIM ON OR BEFORE JANUARY 6, 2027,
AND RELATED PROCEDURES FOR SUBMITTING PROOFS
OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**TO: ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 AND 3 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the District of New Jersey (the "Court") has entered an order (the "Bar Date Order") establishing **11:59 p.m. prevailing Eastern Time on January 6, 2027** (the "General Claims Bar Date"), as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit proofs of claim (each, a "Proof of Claim") against any of the Debtors listed on page 2 and 3 of this notice (collectively, the "Debtors").

Except for those holders of the Claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting Proofs of Claim apply to all Claims (defined below) against the Debtors that arose prior to **November 8, 2026** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim")**.[4] In addition, governmental units have until **11:59 p.m. prevailing Eastern Time on May 7, 2027** (the date that is 180 days after the Petition Date) (the "Governmental Bar Date"), to submit Proofs of Claim.

**A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

---

2 As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States Trustee. Furthermore, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

3 Defined collectively as the Rejection Damages Bar Date, the General Claims Bar Date, the Amended Schedules Bar Date, and the Governmental Bar Date (each, as further defined herein).

4 "503(b)(9) Claims" are Claims for the value of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

## Debtors in these Chapter 11 Cases

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| THE CHILDREN'S PLACE, INC. | 1495 | |
| The Children's Place Services Company, LLC | 0965 | |
| AMASKIT, LLC | 9571 | |
| TCP Brands, LLC | 6541 | |
| TCP INVESTMENT CANADA I CORP. | 6621 | |
| TCP INVESTMENT CANADA II CORP. | 6622 | |
| THE CHILDREN'S PLACE (CANADA), LP | 2109 | |
| TCP IH II, LLC | 8278 | |
| TCP International Product Holdings, LLC | 1380 | |
| TCP Real Estate Holdings, LLC | 8804 | |
| The Children's Place Canada Holdings, Inc. | 0893 | |
| THE CHILDREN'S PLACE INTERNATIONAL, LLC | 6042 | |
| thechildrensplace.com, inc. | 8651 | |
| The Children's Place (Barbados) Inc. | 3484 | |

## Who Must Submit a Proof of Claim

You MUST submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' estates if you have a Claim that arose before the Petition Date and it is ***not*** one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## What To Submit

The Debtors are enclosing a Proof of Claim form for use in these chapter 11 cases. If your Claim is scheduled by the Debtors, the form indicates the amount of your Claim as scheduled by the Debtors, the specific Debtor against which the Claim is scheduled, and whether the Claim is scheduled as disputed, contingent, or unliquidated. You will receive a different Proof of Claim Form for each Claim scheduled in your name by the Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim Forms may be obtained by contacting the Debtors' notice and claims agent, Omni Agent Solutions, Inc. (the "Notice and Claims Agent"), by calling (866) 205-3149 for callers in the United States and Canda or by calling (818) 510-4678 for callers outside the United States and/or visiting the Debtors' restructuring website at: https://omniagentsolutions.com/TCP.

The following procedures for the submission of Proofs of Claim against the Debtors in these chapter 11 cases shall apply:

a. ***Contents***. Each Proof of Claim must: (i) be written in English (*provided* that a Proof of Claim submitted by a creditor located in Canada may be written in English or in French, and the Debtors shall, to the extent reasonably practicable, arrange for the translation of any Proof of Claim submitted in French through the Notice and Claims Agent); (ii) be denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://omniagentsolutions.com/TCP by the claimant or by an authorized agent or legal representative of the claimant;

b. ***Section 503(b)(9) Claim***. In addition to the requirements set forth above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c. ***Receipt of Service***. Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d. ***Identification of the Debtor Entity***. Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form. A Proof of Claim submitted under Case No. 26-22682 (SLM) or that does not identify a Debtor will be deemed as submitted only against THE CHILDREN'S PLACE, INC. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 26-22682 (SLM) will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e. ***Claim Against Multiple Debtor Entities***. Each Proof of Claim must state a Claim against only one Debtor and clearly indicate the Debtor against which the Claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such Claim may be treated as if filed only against THE CHILDREN'S PLACE, INC.; and

f. ***Supporting Documentation***. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such supporting documentation to Debtors' counsel upon request no later than ten days from the date of such request.

**When and Where to Submit**

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://omniagentsolutions.com/TCP, or (ii) first-class U.S. Mail, which Proof of Claim must include an ***original*** signature, at the following address: THE CHILDREN'S PLACE, INC. Claims Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address: THE CHILDREN'S PLACE, INC. Claims Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL,
BY HAND DELIVERY, OR THROUGH OMNI'S WEBSITE.**

**PROOFS OF CLAIM
SUBMITTED BY FAX OR EMAIL WILL NOT BE
ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

**Claims for Which Proofs of Claim Need Not Be Filed**

Persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a. any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b. any Claim that is listed on the schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") filed by the Debtors, provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c. any Claim that has previously been allowed by order of this Court;

d. any Claim that has already been paid in full by any of the Debtors;

e. any Claim for which a different deadline has previously been fixed by this Court;

f. any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of THE CHILDREN'S PLACE, INC.;

g. any Person or Entity that holds an equity interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, warrants, options, or rights of purchase, or who sell or subscribe to such a security or interest; provided that any holder of an equity interest in the Debtors who wishes to assert a Claim (as opposed to an ownership interest) against the Debtors (including a Claim relating to such equity interest or the purchase or sale of such equity interest), must file a Proof of Claim on or before the applicable Bar Date;

h. any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

i. any Professional Compensation Claim;[5]

---

[5] "*Professional Compensation Claims*" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined below) through and including the Effective Date, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses. To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"*Professional*" means an entity: (a) retained in these chapter 11 cases pursuant to a Final Order in accordance with sections 327, 328, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered and

j. any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k. as provided in any interim or final order entered by the Court authorizing the Debtors to obtain postpetition financing and/or use cash collateral (each, a ("Financing Order"), the financing parties thereunder, on account of any claims arising under or in connection with the Financing Order documentation or the ABL Credit Facility or SLR Term Loan, it being understood that no Bar Date shall apply to such claims, such parties shall not be required to file requests for allowance of administrative expenses on account of such claims, and each of the Prepetition ABL Agent and the Prepetition Term Loan Agent may file proofs of claim, including aggregate or master proofs of claim, as and to the extent provided in any Financing Order; and

l. any Claim held by any person or entity solely against a non-Debtor entity.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE ANY CLAIM.

**Executory Contracts and Unexpired Leases**

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date"). The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

**Amended Schedules Bar Date**

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) 11:59 p.m. prevailing Eastern Time on the date that is thirty (30) calendar days after such person or entity is served with notice that

---

expenses incurred before or on the confirmation date, pursuant to sections 327, 328, 329, 330, 363, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

the Debtor has amended its Schedules in a manner that affects such person or entity (any such date, an "Amended Schedules Bar Date").

**The Debtors' Schedules and Access Thereto**

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules.

Copies of the Debtors' Schedules are available: (a) from the Notice and Claims Agent by calling (866) 205-3149 for callers in the United States and Canada or by calling (818) 510-4678 for callers outside the United States and/or visiting the Debtors' restructuring website at: https://omniagentsolutions.com/TCP; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Court's Internet Website at http://ecf.njb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of [●] U.S. Courthouse, [●], [●], New Jersey [●].

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**. Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

**Reservation of Rights**

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Additional Information**

If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Order (which contains a more detailed description of the requirements for submitting Proofs of Claim), a Proof of Claim form, or related documents, you may do so by visiting the Debtors' restructuring website at https://omniagentsolutions.com/TCP or contacting the Claims and Noticing Agent by: (a) calling (866) 205-3149 for callers in the United States and Canada or by calling +1 (818) 510-4678 (866) 205-31 for callers outside the United States; (b) writing to the following address: Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; or (c) emailing TCPInquiries@OmniAgnt.com.

**Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date**

ANY HOLDER OF A CLAIM THAT IS NOT LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, (2) PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (3) RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM. SUCH PERSON OR ENTITY SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR ANY PURPOSE IN THESE CHAPTER 11 CASES.

# Exhibit 3

## Publication Notice

**WHITE & CASE LLP**
Gregory F. Pesce (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
gregory.pesce@whitecase.com

- and -

Andrew F. O'Neill (*pro hac vice* pending)
300 North LaSalle Drive
Chicago, Illinois 60654
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
aoneill@whitecase.com

- and -

Amanda Parra Criste (*pro hac vice* pending)
Varoon Sachdev (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
aparracriste@whitecase.com
varoon.sachdev@whitecase.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Seth Van Aalten (*pro hac vice* pending)
Justin R. Alberto (*pro hac vice* pending)
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
msirota@coleschotz.com
wusatine@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com
dharris@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>THE CHILDREN'S PLACE, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-22682 (SLM)<br><br>(Joint Administration Requested) |

[1] A complete list of each of the Debtors, including each Debtor's tax identification number, in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/TCP. The location of the Debtors' service address for purposes of these chapter 11 cases is 500 Plaza Drive, Secaucus, New Jersey 07094.

## NOTICE OF BAR DATES FOR SUBMITTING PROOFS OF CLAIM AND CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE AGAINST THE DEBTORS

**PLEASE TAKE NOTICE THAT** the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") has entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* (the "Bar Date Order") establishing **11:59 p.m. prevailing Eastern Time on January 6, 2027** (the "General Claims Bar Date"), as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) to submit a Proof of Claim against any of the Debtors listed below (collectively, the "Debtors"). A copy of the Bar Date Order, and any exhibits thereto are available (i) at the Debtors' expense upon request to TCPInquiries@OmniAgnt.com (the noticing and claims agent retained in these chapter 11 cases), by calling (866) 205-3149 for callers in the United States and Canada or by calling (818) 510-4678 for callers outside the United States, (ii) for no charge by visiting the Debtors' restructuring website at https://omniagentsolutions.com/TCP, or (iii) for a fee via PACER by visiting http://ecf.njb.uscourts.gov.

The Bar Date Order requires that all entities (collectively, the "Claimants") holding or wishing to assert a Claim that arose or is deemed to have arisen prior to November 8, 2026 (the "Petition Date"), against the Debtors ("Claims") to submit a Proof of Claim so as to be actually received by Omni Agent Solutions, Inc. (the "Notice and Claims Agent") on or before the applicable bar date (collectively, the "Bar Dates") as set forth below.

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| THE CHILDREN'S PLACE, INC. | 1495 | |
| The Children's Place Services Company, LLC | 0965 | |
| AMASKIT, LLC | 9571 | |
| TCP Brands, LLC | 6541 | |
| TCP INVESTMENT CANADA I CORP. | 6621 | |
| TCP INVESTMENT CANADA II CORP. | 6622 | |
| THE CHILDREN'S PLACE (CANADA), LP | 2109 | |
| TCP IH II, LLC | 8278 | |
| TCP International Product Holdings, LLC | 1380 | |
| TCP Real Estate Holdings, LLC | 8804 | |
| The Children's Place Canada Holdings, Inc. | 0893 | |
| THE CHILDREN'S PLACE INTERNATIONAL, LLC | 6042 | |
| thechildrensplace.com, inc. | 8651 | |
| The Children's Place (Barbados) Inc. | 3484 | |

| | |
|---|---|
| **General Claims Bar Date**<br><br>(Applicable to 503(b)(9) Claims[2]) | All Claimants holding or wishing to assert a Claim must submit a Proof of Claim with respect to such Claim so as to be **actually received** by the Notice and Claims Agent by **January 6, 2027, at 11:59 p.m. prevailing Eastern Time**, including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code. |
| **Governmental Bar Date** | All governmental units holding or wishing to assert a Claim against the Debtors arising (or deemed to arise) before the Petition Date (whether secured, unsecured priority or unsecured non-priority) must submit a Proof of Claim so as to be **actually received** by the Notice and Claims Agent by **May 7, 2027, at 11:59 p.m. prevailing Eastern Time** (the "Governmental Bar Date"). |
| **Amended Schedules Bar Date** | In the event the Debtors amend or supplement their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) **11:59 p.m. prevailing Eastern Time on the date that is thirty (30) calendar days** from the date on which the Debtors provide notice of the amendment to the Schedules in a manner that affects such person or entity (any such later date, the "Amended Schedules Bar Date"). |
| **Rejection Damages Bar Date** | If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) **11:59 p.m., prevailing Eastern Time, on the date that is thirty (30) days** following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date"). The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease. |

**When and Where to Submit**

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://omniagentsolutions.com/TCP, (ii) first-class U.S. Mail, which Proof of Claim must include an original signature, at the following address: THE CHILDREN'S PLACE, INC. Claims Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills,

[2] "503(b)(9) Claims" are Claims for the value of goods received by the Debtors within twenty (20) days before the Petition Date, where such goods were sold to the Debtors in the ordinary course of such Debtors' businesses. See 11 U.S.C. § 503(b)(9).

CA 91367, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address: THE CHILDREN'S PLACE, INC. Claims Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND DELIVERY, OR THROUGH OMNI'S WEBSITE.**

**PROOFS OF CLAIM SUBMITTED BY FAX OR EMAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

**Contents of Proofs of Claim.** Each Proof of Claim must: (i) be written in English (*provided* that a Proof of Claim submitted by a creditor located in Canada may be written in English or French, and the Debtors shall, to the extent reasonably practicable, arrange for the translation of any Proof of Claim submitted in French through the Notice and Claims Agent); (ii) be denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://omniagentsolutions.com/TCP by the Claimant or by an authorized agent or legal representative of the Claimant. **Please note** that each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of the proposed Proof of Claim Form. A Proof of Claim submitted under Case No. 26-22682 (SLM) or that does not identify a Debtor will be deemed as submitted only against THE CHILDREN'S PLACE, INC. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 26-22682 (SLM) will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

**Section 503(b)(9) Claims.** Vendors and suppliers of goods may be entitled to request an administrative priority Claim under section 503(b)(9) of the Bankruptcy Code to the extent they delivered, and the Debtor received, goods within the twenty-day period prior to the Petition Date. The Court has deemed the submission of a Proof of Claim as satisfying the procedural requirements for asserting such a Claim under section 503(b)(9) of the Bankruptcy Code. In addition to the other requirements listed above, any Proof of Claim asserting a 503(b)(9) Claim must (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made against the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors.

**Multiple Claims**. To the extent a claimant seeks to assert a Claim against more than one Debtor, the claimant must file a separate proof of Claim against each Debtor and identify with

specificity the Debtor against whom each Claim is asserted, unless otherwise agreed by the Debtors and the claimant.

**Consequences of Failing to Timely Submit Your Proof of Claim.** Any Claimant who is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtors (or submitting a Proof of Claim with respect thereto). In such event, the Debtors' property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases or participate in any distribution on account of such Claim or receive further notices regarding such Claim.

**Reservation of Rights.** Nothing contained in this notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Additional Information.** If you have any questions regarding the Claims process and/or if you wish to obtain a copy of the Bar Date Order (which contains a more detailed description of the requirements for submitting Proofs of Claim), a Proof of Claim form, or related documents, you may do so by visiting the Debtors' restructuring website at https://omniagentsolutions.com/TCP or contacting the Notice and Claims Agent by calling (866) 205-3149 for callers in the United States and Canada or by calling (818) 510-4678 for callers outside the United States and/or writing to the following address: THE CHILDREN'S PLACE, INC. Claims Processing Center, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367. To the extent reasonably practicable, French language versions of this notice and of the Proof of Claim form are available on the Debtors' restructuring website at https://omniagentsolutions.com/TCP.